**Northern District of Georgia**
**Atlanta Division**
**Removed from Cobb County State Court**
**File No: 21-A-2062**

# EXHIBIT B
## Summons and Complaint

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 21-A-2062

$248.00 COST PAID

Barrett, Netasha

**PLAINTIFF**

VS.

The Kroger Co.
ABC Corporations #1-3
John Does #1-3

**DEFENDANTS**

## SUMMONS

TO: THE KROGER CO.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **N. John Bey**
> **Bey and Associates**
> **191 Peachtree Street**
> **Suite 3200**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of June, 2021.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**21-A-2062**
JUN 08, 2021 11:10 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| NETASHA BARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| vs. ) | |
| ) | |
| THE KROGER CO.; ) | **JURY TRIAL DEMANDED** |
| ABC CORPORATIONS #1-3 and ) | |
| JOHN DOES #1-3 ) | |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT

COMES NOW, Plaintiff Netasha Barrett (hereinafter "Plaintiff"), in the above-styled action, and files this Complaint against the Defendants (hereinafter "Defendants") shows the Court as follows:

### PRELIMINARY STATEMENT

1.

This is a civil action seeking to hold Defendant liable for the incident that occurred on March 4, 2020, causing personal injuries to Plaintiff

### PARTIES, JURISDICTION, AND VENUE

2.

At all relevant times, Plaintiff was a citizen of the State of Georgia.

3.

At all relevant times, Defendant THE KROGER CO. (hereinafter "Defendant Kroger") is located at 10375 Tara Boulevard, Jonesboro, Georgia 30236. Defendant Kroger is a foreign profit corporation and is registered with the Secretary of State to do business in the State of Georgia and

1

may be served with process through its registered agent, CSC of Cobb County, Inc. at 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

4.

The subject slip and fall incident occurred on the premises of Defendant Kroger located at 10375 Tara Boulevard, Jonesboro, Georgia 30236.

5.

Defendant Kroger is subject to this jurisdiction under Article IV, Section II, Paragraph VI of the Constitution of the State of Georgia and O.C.G.A §14-2-510(b)(3)

6.

Defendants, ABC CORPORATIONS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPORATIONS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant Kroger's business establishment and may have contributed to the negligence that injured Plaintiff. If and when entity Defendants ABC CORPORATIONS #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

7.

Defendant JOHN DOE #1 is the unidentified manager on duty of Defendant Kroger's business establishments at the time of the alleged incident at issue in this case. Defendant JOHN DOE #1 had the authority and right to control the mode and manner of operations of the business located at 10375 Tara Boulevard, Jonesboro, Georgia 30236 on the date of incident and at all relevant times and as such is a joint tortfeasor. Defendant JOHN DOE #1's authority and control

over operations included, but was not limited to, control over the manner in which safety procedures and protocols were implemented and enforced.

## OPERATVE FACTS

8.

On March 4, 2020 Plaintiff was a legal invitee of Defendant Kroger.

9.

On this date, Defendant Kroger was open to the public for the lawful purpose of shopping.

10.

At all times relevant to this action, Defendant owed Plaintiff a duty to exercise ordinary care in keeping the Premises and its approaches safe.

11.

At all times relevant to this action, Plaintiff was an invitee, as she was invited on the Premises and acted on said invitation by entering the subject incident Premises for the lawful purpose of purchasing good as a customer.

12.

During Plaintiff's visit to the subject incident premises, Plaintiff slipped and feel in the entrance way causing her severe injuries.

13.

As a result of Plaintiff's slip and fall, she suffered from severe injuries to multiple areas of her body, including but not limited to her right wrist, back and right hip.

14.

As a result of Defendants' negligence, Plaintiff underwent medical treatment for her injuries and still continues to suffer from severe pain of the injuries directly and proximately caused by the subject incident fall.

## ACTIVE NEGLIGENCE

15.

Plaintiff repeats and alleges paragraphs 1 through 12 of the Complaint in its entirety.

16.

Defendant Kroger breached its duty to exercise ordinary care in keeping the Premises and its approaches safe when it failed to properly maintain the Premises.

17.

Defendant Kroger knew or should have known that the subject incident Premises was not properly maintained.

18.

Defendant Kroger did not have signage indicating any warning or precautionary measures to warn of any dangerous and hazardous conditions to its invitees.

19.

Defendants' negligent maintenance of the Premises caused Plaintiff to slip and fall.

20.

As a result of Plaintiff's slip and fall, she suffered bodily injuries that required medical treatment.

21.

As a direct and proximate result of the Defendant's negligence, Plaintiff sustained severe and potentially permanent physical and emotional injuries.

22.

As a direct and proximate result of Defendant Kroger's negligence, Plaintiff required and underwent medical treatment for her injuries.

23.

As a direct and proximate result of Defendant Kroger's negligence, Plaintiff incurred significant medical expenses.

24.

Defendant Kroger's negligence was the direct and proximate cause of the injuries to Plaintiff, including personal injuries.

25.

Defendant Kroger's negligence was the direct and proximate cause of the injuries to Plaintiff, including medical expenses.

26.

Defendant Kroger's negligence was the direct and proximate cause of the injuries to Plaintiff, including Physical pain and suffering.

27.

Defendant Kroger's negligence was the direct and proximate cause of the injuries to Plaintiff, including emotional pain and suffering.

28.

Defendant Kroger's negligence was the direct and proximate cause of the injuries to Plaintiff, including mental anguish.

**PREMISES LIABILITY**

29.

Plaintiff repeats and realleges paragraphs 1 through 14 of the Complaint in its entirety.

30.

At all material times, Defendants Kroger. and ABC Corporations #1-3 owned, occupied and were otherwise in possession and control of the Premises.

31.

At all material times Defendants Kroger and ABC Corporations #1-3 owed a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

32.

Defendants' duty of care included:

a) Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a slip hazard or risk;

b) Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a slip hazard or risk; and

c) Adequately warning invitees about specific hazards on the Premises, including slip hazards on the floor, to enable invitees to avoid harm.

33.

At all material times, Plaintiff was Defendants Kroger and ABC Corporations #1-3's invitee.

34.

On the date of incident, Plaintiff slipped on a foreign substance on the floor of the Premises.

35.

The foreign substance that caused Plaintiff to slip and fall was on the floor of the Premises for a sufficient length of time that Defendants knew, or in the exercise of reasonable care should have known, about the substance on the floor; removed the hazard; and/or warned invitees of the dangerous condition the substance created.

36.

Because Defendants Kroger and ABC Corporations #1-3's had notice of the foreign substance on the floor and controlled the condition of the Premises, Defendants and their employees, contractors, agents and representatives had a duty to remove the foreign substance from the Premises floor which posed an unreasonable risk of harm to the safety of customers/invitees including Plaintiff; or to warn them of the hazard.

37.

Defendants breached their duty to Plaintiff when they negligently failed to remove the foreign substance from the Premises floor which posed an unreasonable risk of harm to the safety of customers/invitees including Plaintiff; or to warn them of the specific hazard.

38.

As a direct and proximate result of Defendants' negligent failure to remove, remedy or warn Plaintiff about a known hazard Plaintiff slipped on the foreign substance and was injured.

WHEREFORE, Plaintiff prays for the following:

a) That process and summons issue requiring Defendant Kroger to appear as provided by law and to answer the allegations of this Complaint;

b) A trial by jury;

c) Recovery for her past and future physical pain and suffering;

d) Recovery for her past and future mental and emotional pain and suffering;

e) Recovery of past special damages for Plaintiff in the amount of for medical treatment (to be updated by timely amendment to this Complaint);

f) Recover for present, and future medical, hospital, and other items of special damage (in amounts to be specified by timely amendment to this Complaint).;

g) Recovery for her loss of enjoyment of life;

h) That Plaintiff be awarded her reasonable attorney fees and costs of filing this action; and

i) For such other and further relief as the court deems just and appropriate.


Respectfully submitted this 8th day of June, 2021

                                           **BEY & ASSOCIATES LLC**

                                           N. John Bey, Esq.
Georgia Bar No. 118279
Joe Morris, III, Esq.
Georgia Bar No. 524280
*Attorneys for Plaintiff*

191 Peachtree Street N.E., Suite 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107
john@beyandassociates.com
joe@beyandassociates.com

8

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| NETASHA BARRETT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION FILE NO.: ) ) |
| THE KROGER CO.; ABC CORPORATIONS #1-3 and JOHN DOES #1-3 | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) |

### VERIFICATION

Personally appeared before me **NETASHA BARRETT**, who, after first being duly sworn, deposes and states under oath that she has read the foregoing **Verified Complaint** and that the presented facts stated therein are true and correct to the best of her knowledge.

This 7th day of June, 2021.

_____
**NETASHA BARRETT**

Sworn and subscribed before me on

This __7__ day of __June__ 2021

_____
Notary Public
Commission expires on: 8/29/2021

[Notary Seal: DONTE THOMPSON, NOTARY PUBLIC, DEKALB COUNTY, GEORGIA, MY COMMISSION EXPIRES 8/29/2021]